IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LEONARDO ANDRADE-PAROMO,

        Petitioner,

    v.

DON MILLS,

        Respondent.

Civil No. 09-1159-PA

OPINION AND ORDER

    Anthony D. Bornstein, Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger, Attorney General
    Andrew Hallman, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Washington County convictions for Murder by Abuse, Assault, and Criminal Mistreatment. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

Autumn, an 18-month-old girl, and her three-year-old sister, Teresa, were placed in petitioner's care for an anticipated six or eight-month period of time until their primary caregiver could retire from her job. During that time, Autumn died of Shaken Baby Syndrome, and it was also discovered that she had broken bones, optic nerve hemorrhaging, and other injuries. Petitioner also caused minor injuries to Teresa. As a result, petitioner was charged with Murder by Abuse, Assault in the Third Degree, and Criminal Mistreatment in the First Degree. Respondent's Exhibit 102. A jury convicted petitioner on all three charges, and the trial court sentenced him to 25 years in prison. Respondent's Exhibits 102, 124.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. *State v. Andrade-Paromo*, 195 Or. App. 546, 99 P.3d 1239 (2004); *rev. denied* 338 Or. 583, 114 P.3d 504 (2005).

2 - OPINION AND ORDER

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief. Respondent's Exhibit 130. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Andrade-Paromo v. Hall*, 228 Or. Appl 367, 208 P.3d 1057, *rev. denied* 346 Or. 589, 214 P.3d 821 (2009).

Petitioner filed his Petition for Writ of Habeas Corpus on September 30, 2009 raising four grounds for relief, all of which are predicated on the ineffective of trial counsel:

1. Trial counsel was ineffective for not ensuring that petitioner was provided a jury of his peers;

2. Trial counsel was ineffective when he failed to ensure petitioner understood the events at his trial;

3. Trial counsel was ineffective for allowing hearsay evidence without objecting; and

4. Trial counsel denied petitioner his right to confront his accuser.

Petition for Writ of Habeas Corpus (#2), pp. 5-7.

Respondent asks the court to deny relief on the Petition because: (1) all of petitioner's claims are procedurally defaulted; and (2) the claims that were fairly presented to Oregon's state courts were properly denied in decisions that are entitled to deference.

///

///

///

3 - OPINION AND ORDER

## DISCUSSION

### I. Argued and Unargued Claims

Petitioner filed this action on September 30, 2009 raising four claims of ineffective assistance of counsel. In fewer than 30 days, the court granted him leave to proceed *in forma pauperis*, appointed counsel from the Federal Public Defender's Office to represent him, and issued a Scheduling Order which immediately served the Petition for Writ of Habeas Corpus on respondent.

With the assistance of newly-appointed counsel, petitioner never sought leave to file an amended petition. Nevertheless, petitioner now proceeds to argue a claim of trial court error not contained in the Petition. Specifically, he asserts that the state trial court denied his right to confrontation by admitting hearsay statements elicited from prosecution witnesses. Such a claim is not contained in the operative pleading for this case and is therefore not eligible for review. *See* Rule 2(c), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (requiring each habeas petition to "specify all the grounds for relief which are available to the petitioner"); *Greene v. Henry*, 302 F.3d 1067, 1070 fn 3 (9th Cir. 2002) (a court need not consider claims not raised in the petition).

The court has, however, reviewed the claims contained in the Petition but not argued in petitioner's supporting memorandum. Based upon the existing record, the court determines that these

4 - OPINION AND ORDER

pled but unargued claims do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

## II. Exhaustion and Procedural Default

Even if petitioner had properly pled his confrontation claim, such a claim would be procedurally defaulted. A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for

5 - OPINION AND ORDER

federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In this case, petitioner's unpled confrontation claim arises out of the admission of hearsay statements elicited from prosecution witnesses, and it is clear he did not present such a claim to the Oregon Supreme Court during direct review. Respondent's Exhibit 106. Petitioner attempted to raise a new confrontation claim during his PCR action, but under Oregon law he was not permitted to do so where he could have reasonably raised his claim on direct appeal. *Palmer v. State*, 318 Or. 352, 354, 867 P.2d 1368 (1994).

Petitioner could have lodged a pre-*Crawford* confrontation objection at trial pursuant to *Ohio v. Roberts*, 448 U.S. 56 (1980),

6 - OPINION AND ORDER

where the Supreme Court determined that the admission of hearsay evidence made by an unavailable declarant did not violate the Confrontation Clause only if the statement bore sufficient indicia of reliability, *i.e.*, if there was an applicable hearsay exception. *Id* at 66. Indeed, petitioner preserved a confrontation objection to other hearsay statements during direct review, but did not include the claim he argues (but has not pled) here. Respondent's Exhibit 103. As a result, even assuming petitioner had raised his confrontation claim in his Petition for Writ of Habeas Corpus, he failed to fairly present it, and the claim is now procedurally defaulted.

### III. Evidentiary Hearing Request

Petitioner asks the court to hold an evidentiary hearing in order to establish his actual innocence so as to excuse his procedural default pursuant to *Schlup v. Delo*, 513 U.S. 298 (1995). Petitioner's request for an evidentiary hearing is denied for two reasons: (1) the constitutional violation petitioner attempts to establish is not contained within his Petition for Writ of Habeas Corpus, thus a gateway showing of actual innocence to overcome the claim's default could not possibly lead to habeas corpus relief; and (2) petitioner's bare claim to innocence "has failed to show what . . . an evidentiary hearing might reveal of material import on his assertion of actual innocence," *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002). Indeed, petitioner fails to

7 - OPINION AND ORDER

allege that he has any new evidence of his innocence at all. "Without any new evidence of innocence, even the existence of a . . . meritorious constitutional violation is not sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied, and the court denies petitioner's request for an evidentiary hearing. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 18 day of Oct., 2011.

Owen M. Panner
United States District Judge

8 - OPINION AND ORDER